UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JACK WEAVER, Derivatively on Behalf of TACTILE SYSTEMS TECHNOLOGY, INC.,<br><br>            Plaintiff,<br><br>   v.<br><br>BRENT MOEN, et al.,<br><br>            Defendants,<br><br>   -and-<br><br>TACTILE SYSTEMS TECHNOLOGY, INC.,<br><br>            Nominal Defendant. | Case No. 1:22-cv-01063-GBW |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, the Parties to the above-captioned consolidated shareholder derivative action ("Action") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the Settlement of the Consolidated Derivative Action, in accordance with the Stipulation of Settlement dated June 6, 2024 ("Stipulation" or "Settlement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Action with prejudice, upon the terms and conditions set forth therein; (ii) approving the form and content of the Notice to Current Tactile Shareholders; and, (iii) setting the date and time for the Settlement Hearing described below;

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation; and

WHEREAS, the Court has read and considered the Stipulation and exhibits annexed thereto, and good cause appearing;

1

NOW THEREFORE, IT IS HEREBY ORDERED:

1. This Court hereby preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Stipulation of Settlement, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. A Settlement Hearing shall be held before this Court on August 28, 2024 at 10:00 a.m., to be held in Courtroom 6B, to consider and determine whether the [Proposed] Order and Final Judgment, substantially in the form of Exhibit B attached to the Stipulation, should be entered: (a) approving the terms of the Settlement as fair, reasonable and adequate; and (b) dismissing with prejudice the Action against the Defendants.

3. The Court approves, as to form and content, the notices attached as Exhibits C (the "Notice") and D (the "Summary Notice") to the Stipulation, and finds that the publication of the two notices as set forth below meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, when distributed as agreed in the Stipulation and herein is the best notice applicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Within fourteen (14) days after the entry of the Preliminary Approval Order, Tactile shall: (i) publish the Summary Notice once in *Investor's Business Daily* or a similar online publication; (ii) post the Notice and the Stipulation (with the exhibits hereto) on the "Investors" portion of the Company's website; and (iii) file with the U.S. Securities and Exchange Commission a Current Report on Form 8-K attaching the Notice and this Stipulation (with the exhibits hereto). The Summary Notice and Notice shall provide a link to the Investors portion of Tactile's website where the Notice and Stipulation (with the exhibits thereto) may be viewed, which link shall be maintained through the date of the Settlement Hearing. Tactile or its insurers shall pay for the costs associated with this notice program or any other form and manner of notice required by the Court.

5.  Tactile's Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing and posting the Notice and Summary Notice within twenty-one (21) days after the entry of the Preliminary Approval Order.

6.  Neither the Stipulation nor the Settlement, including any exhibits attached thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: shall be deemed to prejudice in any way the respective positions of the Settling Parties with respect to the Derivative Action; shall be deemed a presumption, a concession, or admission by any of the Settling Parties of any fault, liability, or wrongdoing as to any facts, claims, or defenses that have been or might have been alleged or asserted in the Derivative Actions or with respect to any of the claims settled in the Derivative Action or any other action or proceeding; may be construed as, or may be used as evidence of the validity of any of the Released Claims or an admission by or against the Individual Defendants of any fault, wrongdoing, or concession of liability; and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Derivative Action or in any other action or proceeding, except for any litigation or judicial proceeding arising out of or relating to this Stipulation or the Settlement whether civil, criminal, or administrative, for any purpose other than as provided expressly herein. Neither the Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that any of the Released Defendant Persons may file the Stipulation or any judgment or order of the Court related hereto in order to support any and all defenses or counterclaims based on res judicata, collateral estoppel, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim

7.  Pending final determination by the Court of whether the Settlement should be approved, this Court preliminarily bars and enjoins plaintiff Jack Weaver ("Plaintiff"), Cory Griffin (the "Demand Shareholder"), all other Current Tactile Shareholders, and the Company, on behalf of themselves, from commencing, instituting, filing, intervening in, participating in (as a nominal defendant or otherwise), receiving any benefit from, or prosecuting any of the Released

3

Claims against any of the Released Persons. All proceedings and discovery in the Action shall be stayed except as otherwise provided for in the Stipulation, and no party to the Action or any Current Tactile Shareholder shall file or prosecute any action or proceeding in any court or tribunal relating to the Settlement or asserting any of the Released Claims against the Released Persons.

8. All Current Tactile Shareholders shall be bound by all orders, determinations and judgments of this Court concerning the Settlement, whether favorable or unfavorable to Current Tactile Shareholders.

9. Any Current Tactile Shareholder may appear and show cause, if he, she or it has any reason why the terms of the Settlement of the Action should not be approved as fair, reasonable and adequate, or why the Order and Final Judgment should not be entered thereon, provided, however, that, unless otherwise ordered by the Court, no Current Tactile Shareholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving same, unless, no later than twenty (20) days before the Settlement Hearing, such person files with the Court a statement of objection signed by the objector, even if represented by counsel, setting forth appropriate proof of Tactile stock ownership as of June 6, 2024, including the number of shares of Tactile common stock owned and the date of purchase, along with written objections, including the basis therefore, attaching any and all documentation or evidence in support of such objection; and setting forth the identities of any cases, by name, court, and docket number, in which the objector or his, her, or its attorney has objected to a settlement in the last three years and copies of any papers and briefs in support of said objection to the instant settlement.

All written objections and supporting papers must be submitted to the Court by mailing them to, or filing them in person at:

> Clerk of the Court
> United States District Court for the District of Delaware
> 844 King Street, Unit 18
> Wilmington, Delaware 19801-3570

The written objections and supporting papers must also be delivered to counsel for Plaintiff and counsel for Tactile so they are postmarked no later than 20 calendar days before the Settlement Hearing.

**Co-Lead Counsel for Plaintiff:**

Lee Squitieri
**SQUITIERI & FEARON, LLP**
305 Broadway
7th Floor
New York, New York 10007
(212) 421-6492

**Attorneys for Nominal Defendant Tactile:**

Joseph C. Schoell (#3133)
**FAEGRE DRINKER BIDDLE & REATH LLP**
222 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
(302) 467-4200
joseph.schoell@faegredrinker.com

Matthew Kilby (*pro hac vice*)
Rory F. Collins (*pro hac vice*)
Anderson Tuggle (*pro hac vice*)
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center
99 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
matthew.kilby@faegredrinker.com
rory.collins@faegredrinker.com
anderson.tuggle@faegredrinker.com

Any Current Tactile Shareholder who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement as incorporated in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be bound by the Order and Final Judgment to be entered and the releases to be given.

10. Any attorney hired by a Current Tactile Shareholder for the purpose of objecting to the Settlement must file a notice of appearance with the Clerk of the Court no later than August 14, 2024.

11. Plaintiff's Counsel and Defendants' Counsel are directed to promptly furnish each other with copies of any and all objections that are served upon them or otherwise come into their possession.

12. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Current Tactile Shareholders.

SO ORDERED, THIS 27th day of June, 2024.

_____
Gregory B. Williams
United States District Judge